929 F.2d 694
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
QUALITY INNS INTERNATIONAL, INC., Quality Hotels and
Resorts, Inc., Quality Inns, Inc., Plaintiffs-Appellants,
v.
L.B.H. ASSOCIATES LIMITED PARTNERSHIP, Defendant-Appellee.
QUALITY INNS INTERNATIONAL, INC., Quality Hotels and
Resorts, Inc., Quality Inns, Inc., Plaintiffs-Appellants,
v.
L.B.H. ASSOCIATES LIMITED PARTNERSHIP, Defendant-Appellee.
QUALITY INNS INTERNATIONAL, INC., Quality Hotels and
Resorts, Inc., Quality Inns, Inc., Plaintiffs-Appellants,
v.
L.B.H. ASSOCIATES LIMITED PARTNERSHIP, Defendant-Appellee.
 Nos. 90-2341 to 90-2343.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided March 26, 1991.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-89-72-PN, CA-89-73-PN, CA-88-2253-PN)
 David F. Albright, Franklin T. Caudill, Semmes, Bowen & Semmes, Baltimore, Md., for appellants.
 Irving E. Walker, Jay A. Shulman, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and REBECCA BEACH SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Quality Inns International, Inc., Quality Hotels and Resorts, Inc., and Quality Inns, Inc. (hereinafter "Quality") appeal from the district court's imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. Quality maintains that sanctions were inappropriate, but, if not, the amount awarded was excessive. Finding no error, we affirm.
 
 I.
 
 2
 This appeal is the aftermath of a protracted legal battle between L.B.H. Associates Limited Partnership (LBH) and Quality.[1] LBH was the owner of a hotel which was managed by Quality. In 1987, LBH filed a voluntary petition in bankruptcy under Chapter 11, and in connection with the subsequent proceedings in the bankruptcy court, Quality filed fourteen separate appeals from approximately twenty orders entered therein. These appeals remained undecided when LBH's plan of reorganization was confirmed on December 9, 1988.
 
 
 3
 In March 1989 the district court met with counsel concerning these pending appeals, and set a date for LBH to file motions to dismiss some or all of these appeals. Quality was instructed either to withdraw any appeal subject to a motion to dismiss or to file a response. The court made it clear that "any appeal prosecuted after April 7, 1989, which has been subject to a motion to dismiss will be subject to Rule 11 scrutiny." Quality dismissed only two of the eleven appeals, leaving nine still to be heard. A. 1070.
 
 
 4
 At a hearing on May 5, 1989, the district court considered and dismissed seven of the remaining nine appeals. At that time sanctions were ordered against Quality and its counsel on four[2] of the seven appeals. The court reasoned that all of these four appeals were both interlocutory and moot and that Quality and its counsel had been "unable to advance any viable basis for continuing to press the appeals." A. 1064. Subsequently, and after considering affidavits and memoranda filed by the parties, an order was entered requiring that "Counsel for the Quality Inns appellants pay to LBH and its counsel the sum of $2,117 as sanctions for pursuing the appeals in 88-2253, 89-72 and 89-73." A. 1060. These appeals followed, which we consolidated for hearing and later agreed to consider on the briefs.
 
 II.
 
 5
 To comply with Rule 11, the pleading, motion or other paper must be "well grounded in fact ... and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and ... not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." These two prongs of the rule have been referred to as the "frivolousness clause" and the "improper purpose clause." Brown v. Federation of State Medical Boards of United States, 830 F.2d 1429, 1435 (7th Cir.1987). The district court awarded sanctions only as to the appeals from an order granting an extension, an order striking a competitive plan, and two orders approving lines of credit, which were never drawn down. It is clear that the court believed that the first two orders were not appealable at the time they were made, and that Quality's counsel had failed to give any valid reasons for seeking to challenge the latter two orders. Despite the suggestion to the contrary, the district court did not decide to impose sanctions because Quality gave notice of appeal in the first place. Rather, the court imposed sanctions because Quality did not dismiss those appeals and continued to pursue frivolous appeals at the expense of LBH after having been expressly warned by the court of the possible consequences.
 
 
 6
 We evaluate the imposition of sanctions by the standard set forth in Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984 (4th Cir.1987), where we held "[a] decision to impose sanctions will be reversed only for an abuse of discretion." The Supreme Court validated our decisions in Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990), where we read:
 
 
 7
 Rule 11's policy goals ... support adopting an abuse of-discretion standard. The district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve Rule 11's goal of specific and general deterrence. Deference to the determination of courts on the front lines of litigation will enhance these courts' ability to control the litigants before them. Such deference will streamline the litigation process by freeing appellate courts from the duty of reweighing evidence and reconsidering facts already weighed and considered by the district court; it will also discourage litigants from pursuing marginal appeals, thus reducing the amount of satellite litigation.
 
 
 8
 (Emphasis added.) As previously noted, on March 7, 1989, Quality's counsel was given one month in which to withdraw any appeal subject to a motion to dismiss, or to file a response to the motion to dismiss as to that appeal. He was also told that any appeal which had been prosecuted after April 7, 1989 which was the target of a motion to dismiss "will be subject to Rule 11 scrutiny." Motions to dismiss were then filed against eleven of these appeals, responses were filed to nine of them, and these motions were heard on May 5, 1989.[3] After hearing extensive arguments, the district court granted seven of the motions to dismiss, denying two,[4] and imposing sanctions on four of the dismissed appeals. A careful reading of counsels' statements made at the May 5th hearing demonstrates that the four appeals in question were both "frivolous and were persisted in after April 7th for no purpose other than to harass LBH and its counsel."
 
 
 9
 On the facts of these cases we certainly cannot say that the district court abused its discretion in imposing sanctions.
 
 III.
 
 10
 With reference to the amount of the sanctions imposed, it is important to note that the court limited them to the period from April 7 through May 7, 1989 only. LBH presented claims for the number of hours and the hourly rates which it contended were spent on the four appeals during the thirty day period in question, proposing a number of alternative awards for the court's consideration. In its response, Quality's counsel, after devoting much of his argument to the alleged merits of his appeals, argues that LBH's claimed amounts was excessive, suggesting a 25% to 40% reduction, and asserting that any fee in excess of $1,300 was excessive.
 
 
 11
 Thereafter, the district court, by order dated December 26, 1989, directed the payment of $2,117 as an appropriate sanction for pursuing these appeals. Again, in the absence of any meaningful challenge to the hours or hourly rates involved, we think that the district court acted well within its discretion in imposing sanctions in the amount of $2,117.
 
 IV.
 
 12
 For these reasons we hold that the district court acted properly both in imposing the sanctions and in determining the amount to be assessed, and its decision is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 See, for example, Quality Inns International, Inc. v. L.B.H. Associates Limited Partnership, No. 89-2443 (4th Cir. July 26, 1990) (unpublished)
 
 
 [2]
 These appeals challenged orders (1) extending the exclusive period in which a debtor may file a plan of organization and obtain acceptance; (2) striking Quality's competing plan and disclosure statement; (3) giving LBH power to borrow funds during the confirmation hearing; and (4) approving an agreement between the FDIC and David Perlmutter
 
 
 [3]
 Two appeals, relating to interim fee applications, were dismissed before that date
 
 
 [4]
 Quality's counsel ultimately dismissed these appeals also just prior to the time for filing its briefs